UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DERRICK A. WOODALL, SR. PLAINTIFF

V. CIVIL ACTION NO. 5:25-CV-74-DCB-ASH

MCCOMB SCHOOL DISTRICT DEFENDANT

ORDER

Pro se Plaintiff Derrick A. Woodall, Sr., has filed a motion to modify the case management order in this employment-discrimination case against the McComb School District (MSD). Mot. [26]. For the reasons that follow, the Court grants Woodall's motion.

I. Facts and Procedural History

Woodall filed this lawsuit on August 1, 2025. After MSD answered, the Court held a January 14, 2026 case management conference and set case deadlines. In particular, it set a September 1 discovery deadline and a September 15 motions deadline and it placed the case on a February 1, 2027 trial calendar. MSD propounded written discovery on Woodall almost immediately, but Woodall waited until June 21, 2026, to serve written discovery requests. MSD sought an extension of the deadline to respond to those requests through August 4, 2026; the Court granted that extension.

Woodall says MSD's August 4 production "included substantial Bates-numbered materials, objections, [and] partial responses," that he began to "review . . . to determine which specific responsive materials remained missing or required clarification." Mot. [26] ¶ 3. He sent defense counsel "a detailed discovery-deficiency and supplemental-response letter narrowing and clarifying the disputed requests." *Id.* ¶ 4. The parties "conducted a good-faith conference on August 12, 2026," and MSD produced supplemental documents on August 14. *Id.* ¶ 5. Woodall

says he continues to review MSD's production "and has maintained a request for supplementation." *Id.*

Following an August 27, 2026 settlement conference with the undersigned, Woodall filed the instant motion for an extension of the discovery and motions deadlines. He asks the Court to extend both deadlines by 45 days to "allow . . . the parties to address the identified deficiencies, complete any appropriate supplementation, permit Plaintiff a reasonable opportunity to review supplemental production, conduct any necessary discovery conference with the Court, and complete limited follow-up discovery arising from that production." *Id.* ¶ 8. Given the looming discovery deadline, the Court ordered expedited briefing: MSD filed a timely response, and Woodall filed no reply.

II. Analysis

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)).

> There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice."

*Id.* (quoting *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)). Applying these factors to the case at hand, the Court finds Woodall's extension request should be granted.[1]

Starting with the explanation for the delay, Woodall himself certainly bears some responsibility: he waited more than five months after the case management conference to serve written discovery requests. But MSD's request for a two-week extension to respond to those requests—and its August 14 supplementation—also contributed. The main thrust of Woodall's request for an extension is to have time to work through perceived discovery deficiencies and conduct a discovery conference with the Court. Viewed through this narrow lens, the Court will give him the benefit of the doubt that he would have had time to resolve the deficiencies but for the extension of time granted to MSD to respond and the timing of its later supplementation. So while Woodall was not diligent in pursuing discovery at the outset of the case, after he served his requests, he exhibited some diligence.

The importance of the modification isn't entirely clear to the Court, but Woodall represents that he believes MSD's production remains deficient. A brief extension will allow the parties to flesh that out. As to prejudice, MSD says that it will suffer prejudice if the discovery deadline is extended because it will have to "amend its litigation strategy and expend additional time and money." Mem. [29] at 10. The Court is not convinced: there is a cost to litigation and discovery, and given Woodall's late start to the process, any additional expense incurred as a

[1] MSD suggests that the motion should be denied because "[a]pproximately an hour after filing his Motion, [Woodall] called [defense] counsel and accepted [MSD's final] settlement offer." Mem. [29] at 2. But since then, defense counsel "has been unable to reach [Woodall] by phone or email" to confirm the settlement. *Id.* at 3. MSD has not moved to enforce any settlement agreement. Perhaps the parties have settled and perhaps they haven't. But there is presently no record evidence before the Court establishing that an agreement was reached so as to render Woodall's present motion moot.

result of the extension likely would have been incurred in discovery had Woodall begun the process sooner. Moreover, this is the first extension of case management deadlines. And the Court finds any prejudice to MSD can be mitigated with a continuance of all deadlines—including the motions deadline.[2] So while the case is a close one on good cause, the Court finds Woodall has met his burden under Rule 16(b)(4).

III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Woodall's motion [26] is granted. The new deadlines and settings, including an October 16, 2026 discovery deadline, an October 30, 2026 motions deadline, a May 19, 2027 pretrial conference setting, and a jury trial setting during a three-week term of court commencing on June 7, 2027, will be set by separate docket entry to follow.

**SO ORDERED AND ADJUDGED** this the 10th day of September, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

[2] If, as MSD suggests, the case is actually settled, an extension of the motions deadline would allow the parties to finalize the settlement without incurring the cost of briefing a summary-judgment motion.